## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARTIN J. WALSH, <br> SECRETARY OF LABOR, <br> UNITED STATES DEPARTMENT OF LABOR, <br><br>     Plaintiff, <br><br>     v. <br><br> INTRA-NATIONAL HOME CARE, LLC, AND <br> DILLI ADHIKARI <br><br>     Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Civil Action No. _2:21-cv-1391_ <br> ) <br> ) <br> ) <br> ) JURY TRIAL DEMANDED <br> ) <br> ) |

## COMPLAINT

Plaintiff, Martin J. Walsh, Secretary of Labor, United States Department of Labor ("Plaintiff"), brings this action to enjoin Intra-National Home Care, LLC, a limited liability company, and Dilli Adhikari, individually and as owner, officer, and manager of the aforementioned company (collectively, "Defendants"), from violating the provisions of Sections 7, 11(c), 15(a)(2), and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended ("FLSA" or "the Act"), 29 U.S.C. §§ 207, 211(c), 215(a)(2) and 215(a)(5), and for a judgment against Defendants in the total amount of back wage compensation found by the Court to be due to any of the employees of Defendants who worked in Pennsylvania pursuant to the Act and an equal amount due to the employees of Defendants who worked in Pennsylvania in liquidated damages.

    1.    Jurisdiction of this action is conferred upon the Court by Section 17 of the Act, 29 U.S.C. § 217, and by 28 U.S.C. §§ 1331 and 1345.

    2.    This Court is the proper venue because all or a substantial part of the events or omissions giving rise to these allegations occurred in this judicial district.

3.      Defendant Intra-National Home Care, LLC ("Intra-National") is a limited liability company with a registered address at 1620 Skyline Drive, Pittsburgh, PA 15227.  Intra-National is engaged in a domestic homecare business operating within the jurisdiction of this Court.

4.      Defendant Dilli Adhikari is the Chief Executive Office and owner of Intra-National. Mr. Adhikari directed employment practices within Pennsylvania and has directly or indirectly acted in the interest of Intra-National in relation to its employees within Pennsylvania at all relevant times herein, including supervising employees, hiring and firing employees, setting their work schedules, and setting their pay rates.

5.      At all times hereinafter mentioned, Defendants have been an enterprise within the meaning of Section 3(r) of the Act, in that Defendants have been, through unified operation or common control, engaged in the performance of related activities for a common business purpose. These activities constituted (and/or were related to) the providing home health care services in furtherance of the business purposes of Defendants' unified business entity.

6.      At all times relevant herein, Defendants have employed, and are employing, employees in and about their place of business in the activities of an enterprise engaged in commerce or in the production of goods for commerce, including employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce. Further, at all times relevant herein, Defendants have had annual gross volume sales made or business done of not less than $500,000, thereby affording coverage over all their employees pursuant to Section 3(s)(1)(A) of the Act.

7.      Defendants employ persons in Pennsylvania in domestic service for profit, which affects commerce per Section 2(a)(5) of the Act, 29 U.S.C. § 202(a)(5). Intra-National's

employees employed as direct care workers ("DCWs") or caregivers (collectively, "employees") provide in-home care services to Intra-National's clients within Pennsylvania.

8.      Defendants willfully violated the provisions of Sections 7 and 15(a)(2) of the Act by employing their employees in an enterprise engaged in commerce or handling goods or materials that have been moved in or produced for commerce for workweeks longer that those prescribed in Section 7 of the Act without compensating said employees for employment in excess of the prescribed hours at rates not less than one and one-half times their regular rates. Therefore, Defendants are liable for the payment of unpaid overtime compensation and an equal amount of liquidated damages under Section 16(c) of the Act, 29 U.S.C. § 216(c).

9.      For example, during the time period from at least June 4, 2017, through at least May 31, 2020, Defendants failed to compensate certain of their employees who worked over 40 hours in a workweek at rates not less than one and one-half times their regular rates. During this time period, these employees worked at least one hour in excess of forty per workweek. During this time period, many employees worked in excess of fifty hours per workweek.

10.     Defendants paid many employees at established regular hourly rates ranging between approximately $12.50 and $13.00 per hour. In certain workweeks, Defendants paid these employees at this straight time regular rate for all hours up to forty per workweek. During these workweeks, Defendants paid certain employees their straight-time hourly rates for all hours worked on the face of Defendants' payroll records, and did not pay the required time and one-half premium rate for overtime hours worked in excess of forty per workweek.

11.     In other workweeks in which certain employees worked in excess of forty hours per workweek, Defendants reduced employees' regular hourly rates, which caused these employees' overtime premium rates to fall correspondingly.  During these workweeks,

Defendants manipulated these employees' regular rates such that they always received the equivalent $12.50 to $13.00 regular rate for all hours worked, including hours worked over forty. Defendants only lowered these employees' regular rates in overtime workweeks. When these certain employees resumed working non-overtime workweeks, Defendants resumed paying these employees their established regular rates, typically between $12.50 to $13.00 per hour.

12.     Furthermore, in other workweeks in which certain employees worked in excess of forty hours per workweek, Defendants made deductions to the employees' paychecks that cancelled out these employees' overtime premium pay and caused them to only receive their regular rate for all hours worked including overtime hours.  Therefore, in workweeks where Defendants made these deductions, Defendants did not pay these employees the required time and one-half premium rate for overtime hours worked in excess of forty per workweek.

13.     Defendants knew or recklessly disregarded their obligation to pay their employees one and one-half their regular rates for hours worked in excess of forty per workweek. For example, Defendants intentionally manipulated certain employees' regular rates to create the appearance of paying an overtime premium but in reality paying the same rate for all hours. They did so by reducing certain employees' regular rates, but only in workweeks in which those certain employees worked in excess of forty hours per workweek.  They also did so by making deductions from their paychecks that cancelled out these employees' overtime premium pay. Defendants also simply paid certain other employees straight time for all overtime hours worked, and not the required time and one-half premium rates, despite being aware of the overtime requirement.

14.     Defendants violated the provisions of Sections 11(c) and 15(a)(5) of the Act, 29 U.S.C. §§ 211(c) and 215(a)(5), in that Defendants failed to make, keep, and preserve adequate

and accurate records of their employees, which they maintained as prescribed by the regulations issued and found at 29 C.F.R. Part 516.

15.     For example, due to their practice of lowering employees' regular rates in overtime workweeks and paying employees straight time for overtime, Defendants failed to keep and preserve payroll records for employees for at least three years, including accurate records of employees' regular hourly rates of pay, total weekly straight-time earnings, total weekly overtime premium pay, and total deductions. 29 C.F.R. §§ 516.2(a)(6), (8), (9), (10).

WHEREFORE, cause having been shown, the Secretary prays for judgment against Defendants providing the following relief:

(1)     For an injunction issued pursuant to Section 17 of the Act permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with Defendants who receive actual notice of any such judgment, from violating the provisions of Sections 7, 11(c), 15(a)(2) and 15(a)(5) of the Act; and

(2)     For judgment pursuant to Section 16(c) of the Act finding Defendants liable for unpaid minimum wage and overtime compensation due to certain of Defendants' current and former employees listed in the attached Schedule A for the period from at least June 4, 2017, through at least May 31, 2020, and for an equal amount due to certain of Defendants' current and former employees in liquidated damages. Additional amounts of back wages and liquidated damages may also be owed to certain current and former employees of Defendants listed in the attached Schedule A for violations continuing after May 31, 2020, and may be owed to certain current and former employees presently unknown to the Secretary for the period covered by this Complaint, who may be identified during this litigation and added to Schedule A; or

(3)    In the event liquidated damages are not awarded, for an injunction issued pursuant to Section 17 of the Act restraining Defendants, their officers, agents, employees, and those persons in active concert or participation with defendants, from withholding the amount of unpaid minimum wages and overtime compensation found due defendants' employees and prejudgment interest computed at the underpayment rate established by the Secretary of the Treasury pursuant to 26 U.S.C. § 6621.

FURTHER, Plaintiff prays that this Honorable Court award costs in his favor, and an order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

Mailing Address:                          **UNITED STATES DEPARTMENT OF LABOR**

U.S. Department of Labor                  Seema Nanda
Office of the Regional Solicitor          Solicitor of Labor
1835 Market Street
Mailstop SOL/22                           Oscar L. Hampton III
Philadelphia, PA 19103                    Regional Solicitor

(215) 861-5142 (voice)                    */s/ Ethan M. Dennis*
(215) 861-5162 (fax)                      By: Ethan M. Dennis
                                          PA ID # 308871
dennis.ethan.m@dol.gov
                                          Attorneys for Plaintiff
Date: October 15, 2021