IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARTIN J. WALSH, Secretary of Labor, U.S. Department of Labor,<br><br>    *Plaintiff*,<br><br>    v.<br><br>INTRA-NATIONAL HOME CARE, LLC, and DILLI ADHIKARI,<br><br>    *Defendants*. | No. 2:21-cv-01391-DSC |

**DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO MOTION TO DISMISS UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**

## INTRODUCTION

As the Department of Labor acknowledged in another overtime case, it files a "standard complaint" in Fair Labor Standards Act ("FLSA") enforcement actions that provides "minimal detail." *See Perez v. Sanchez*, Civil Action No. 6:14-4326-BHH, 2016 U.S. Dist. LEXIS 22190, at *4 (D.S.C. Feb. 24, 2016). While "[f]iling a standard complaint may be a sensible and efficient decision on the Secretary's part given that parties in [FLSA enforcement] actions often resolve the matter by consent and without extensive litigation," where defendants seek more details "to allow them to specifically respond to the [Labor Department's] allegations, the Court is inclined to grant the request." *Id.* at *6. *Iqbal* and *Twombly* require nothing less.

That is the situation here. After an extensive compulsory investigation from which the Labor Department seems to claim thousands of FLSA violations relating to approximately 800 workers, Plaintiff distills his supposed findings from that lengthy investigation into a minimally detailed, thread-bare 7-page standard complaint. For the reasons explained in Defendants' Motion to Dismiss and supporting Memorandum, Plaintiff's Complaint does not meet federal pleading requirements and should be dismissed. Plaintiff's Response to Defendants' Motion confirms this. The Complaint fails to plausibly allege that (1) the FLSA applies to Defendants or the workers; (2) Defendants were "employers" under the FLSA; (3) the alleged FLSA violations were "willful"; and (4) Defendants committed FLSA recordkeeping violations. Plaintiff's Response also confirms—indeed, concedes—that the Court should

dismiss the claims for overtime violations that would have accrued prior to October 15, 2021, as well as its claims for minimum wage violations.

## ARGUMENT

**I.     The Complaint Fails to Plausibly Allege that the FLSA Applies.**

The FLSA extends coverage to employees by two means: (1) the employee may be engaged in commerce or in the production of goods for commerce ("individual coverage"); or (2) the employee may be employed in an enterprise engaged in commerce or the production of goods for commerce ("enterprise coverage."). *SeYoung Ra v. Gerhard's, Inc.*, No. 17-5211, 2019 U.S. Dist. LEXIS 1132, at *10 (E.D. Pa. Jan. 3, 2019). Only those employees who are "engaged in commerce or in the production of goods for commerce," or who are "employed in an enterprise engaged in commerce or in the production of goods for commerce" may seek recovery under the FLSA's overtime wage provisions. *Id.*

The Labor Department's response confirms that it failed to plausibly allege that individual or enterprise coverage applies to this case.

**A.  Merely Labeling the Individuals as "Domestic Home Care Workers" Does Not Plausibly Establish Individual Coverage.**

Plaintiff rests his contention that the Complaint plausibly alleges individual coverage on the basis that he labeled the workers "domestic home care workers" and Congress has found that employment of such persons "affects commerce." (ECF No. 23, pp. 12-13).

Plaintiff, however, pleads no specific facts to establish that the workers are actually employed in domestic service. He merely labels them "direct care workers"

or "caregivers" in an attempt to establish that they fall within the ambit of Section 202(a)(5) of the FLSA. (ECF No. 1, ¶ 7) This mere labeling of the workers is not sufficient to survive a motion to dismiss. *E.g.*, *Acosta v. Gaudin*, No. 2:17-cv-366, 2017 U.S. Dist. LEXIS 172180, at *5 (W.D. Pa. Oct. 18, 2017).

Then, even assuming that Plaintiff plausibly alleged that Defendants employed persons in domestic service within the meaning of Section 202(a)(5) of the FLSA, the employment of such persons does not itself establish individual coverage.

In Section 202(a)(5), Congress found only that "employment of persons in domestic service in households *affects* commerce." 29 U.S.C. § 202(a)(5) (emphasis added). This is not the standard for FLSA coverage, which is codified in § 207(a)(1), not § 202.

The two sections are different and serve different purposes. Section 202(a)(5) is a congressional finding that invokes the scope of Congress's authority to legislate under the Commerce Clause. This makes sense since one might not ordinarily think that domestic work falls within the national legislature's authority to "regulate to regulate commerce with foreign nations, and among the several states, and with the Indian tribes." U.S. Const. Art. 1, s. 8, cl. 3.

Section 207(a), by contrast, delineates who is actually subject to the FLSA. It limits its application to "employees who in any workweek [are] engaged in commerce or in the production of goods for commerce, or [are] employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 207(a)(1). Congress's decision to include the word "affects" only in § 202(a)(5) was deliberate. In

4

enacting the FLSA, Congress's intent was "to regulate only activities constituting interstate commerce, *not activities merely affecting commerce.*" *Thorne v. All Restoration Servs., Inc.*, 448 F.3d 1264, 1266 (11th Cir. 2006) (citing *McLeod v. Threlkeld*, 319 U.S. 491, 497 (1943)) (emphasis added); *Mitchell v. Lublin*, 358 U.S. 207, 211 (1959). As the Supreme Court has noted, Congress did not intend to make the scope of the FLSA coextensive with its full power to regulate commerce. *Mitchell*, 358 U.S. at 211. On the contrary, "Congress in enacting this statute plainly indicated its purpose to leave local business to the protection of the states." *Walling v. Jacksonville Paper Co.*, 317 U.S. 564, 570 (1943).

Accordingly, to demonstrate eligibility for individual coverage, the employee "must be *directly* participating in the *actual* movement of persons or things in interstate commerce." *Katz v. DNC Servs. Corp.*, No. 16-5800, 2018 U.S. Dist. LEXIS 17002, at *12 (E.D. Pa. Feb. 1, 2018) (emphasis added). "This strict requirement effects the FLSA's legislative purpose to leave local business to the protection of the state." *Id.* at *12-13. Whether an individual employee is engaged in commerce under the FLSA is a "fact specific inquiry into the employment activities" of the employee. *Hutchinson v. Honeymoon Corp.*, No. 5:16-CV-00018, 2017 U.S. Dist. LEXIS 208439, at *11–12 (N.D. Ohio Dec. 19, 2017); *Kaplan v. Wings of Hope Residence, Inc.*, No. 2:18-cv-2972 (ADS) (AKT), 2020 U.S. Dist. LEXIS 22374, at *20 (E.D.N.Y. Feb. 7, 2020).

The dispositive test for FLSA coverage asks whether the individual was an employee "in the 'channels of interstate commerce,' as distinguished from [one] who

5

merely affected that commerce." *Xelo v. Mavros*, No. 03-CV-3665 (NG)(MDG), 2005 U.S. Dist. LEXIS 21588, at *13 (E.D.N.Y. Sep. 28, 2005) (quoting *McLeod v. Threlkeld*, 319 U.S. 491, 493-94 (1943)). Plaintiff does not even attempt to show that the workers at issue here would satisfy this standard. And its argument that § 202(a)(5) creates a *per se* finding of individual coverage is refuted by the text of that provision, which speaks only of "affect[ing] commerce." That section in no way supports the conclusion that Congress created an arbitrary carve out so that *every* individual employed in domestic service is *always* "in the channels of interstate commerce" or "*directly* participating in the *actual* movement of persons or things in interstate commerce."

The non-binding cases Plaintiff cites as having "held that similar domestic care workers are covered by the FLSA simply by citing to 29 U.S.C. § 202(a)," are unpersuasive and distinguishable.

In *Walsh v. Loving Kindness Healthcare Sys., LLC*, the only case Plaintiff identified from within the Third Circuit, the Court cited Section 202(a)(5) for the proposition that employment of persons in domestic service affects commerce. Civil Action No. 2:20-cv-1087-RJC, 2021 U.S. Dist. LEXIS 123036, at *3 (W.D. Pa. July 1, 2021). The Court did not hold that individual coverage is established where the alleged employment is of the type described in Section 202(a). Instead, the Court found enterprise coverage and made no specific finding of individual coverage. *Id.* at *4. It should also be noted that the case involved the granting of default judgment where the defendants failed to respond to the lawsuit. *Id.*

In *Franklin v. Jenn's Angels, LLC*, the other case Plaintiff identified, the complaint did not have the same deficiencies that are present in this case. There, the plaintiffs alleged that they worked in homes and at "nursing home facilities." No. 21-399-SDD-SDJ, 2022 U.S. Dist. LEXIS 2827, at *2 (M.D. La. Jan. 6, 2022). But the plaintiffs *also* alleged that they "used cell phones, computers, materials, supplies and medical equipment that were manufactured in or purchased and shipped from states other than Louisiana, accepted checks, credit cards, electronic payments and processed other transactions through interstate banks and financial institutions and provided its employees with paychecks by electronic deposit, all of which constitutes interstate commerce." (*See* paragraph 15 of the complaint from that case docketed at ECF No. 1). Furthermore, the opinion contains no indication that it was pointed out that the legal standard for establishing individual coverage requires more than a finding that an activity affects commerce.

Additionally, Plaintiff's claim that Defendants' citation to cases outside the domestic service industry "are totally inapposite" is contradicted by his own response. (ECF No. 23, p. 13). Defendants cited *Martinez v. Palace*, 414 F. App'x 243 (11th Cir. 2011), and *Wang v. Chapei LLC*, 2019 WL 3281617 (D.N.J. July 19, 2019). (ECF No. 18, p. 12). In *Martinez*, the Eleventh Circuit held that a cook at a restaurant was not engaged in commerce. 414 F. App'x at 246. In *Wang*, the court held that restaurant workers were not engaged in commerce. 2019 U.S. Dist. LEXIS 120881, at *12. On page 13 of his Response, Plaintiff quotes the Labor Department's definition of "domestic service" to include "cooks" and "waiters." (ECF No. 23) If there are instances

where there is no individual coverage for cooks and other individuals working in commercial restaurants, then surely it must be the case that workers providing similar services in private homes are not always covered by the FLSA. Accordingly, the cases are clearly relevant and show that the workers are not covered by the FLSA just because Plaintiff labeled them domestic service employees.

*   *   *

Plaintiff has made no response to Defendants' original argument: that Plaintiff's Complaint is completely devoid of any factual allegations from which it can be plausibly determined that the workers at issue are "in the channels of interstate commerce" or "*directly* participat[ed] in the *actual* movement of persons or things in interstate commerce." Indeed, Plaintiff's Complaint alleges that both the business and the workers' duties were limited to *intra*-state activities. For example, Plaintiff alleged that the employees worked "in and about [Defendants'] place of business" in Pennsylvania. (ECF No. 1, ¶ 6) Plaintiff also alleged that "Defendants employ persons in Pennsylvania . . . [to] provide in-home care services . . . within Pennsylvania." (*Id.*, ¶ 7).

### B. Defendants Failed to Allege Any Facts From Which Enterprise Coverage Can be Plausibly Inferred.

Defendants moved to dismiss the Complaint on the basis that Plaintiff's assertion of enterprise coverage was limited to an almost verbatim recitation of the statutory requirement. (ECF No. 18, p. 12)

In response, Plaintiff effectively admits that he merely restated the statutory requirement for enterprise coverage but argues that this was sufficient. (ECF No. 23, p. 14)

This is wrong.

Enterprise coverage exists only when the enterprise as a whole is "engaged in commerce or in the production of goods for commerce." *Wang*, 2019 U.S. Dist. LEXIS 120881, at *12 (quoting 29 U.S.C. § 207(a)(1)). To establish enterprise coverage, Plaintiff must demonstrate that the enterprise satisfies two criteria. *Id.* First, the enterprise must have at least two employees that are (a) directly engaged in commerce, (b) in the production of goods for commerce, or (c) handle, sell or otherwise work on goods or materials that have been moved in or produced for commerce. *Id.* at *12-13 (citing 29 U.S.C. § 203(s)(1)(A)(i)). Second, the enterprise's annual gross volume of sales made or business must be greater or equal to $500,000. *Id.* at *13 (citing 29 U.S.C. § 203(s)(1)(A)(ii)).

As demonstrated by the deficiencies in the Complaint's assertion of individual coverage, Plaintiff pleads no specific facts from which it can be plausibly determined that Defendants employ individuals that are directly engaged in commerce, in the production of goods for commerce, or handle, sell or otherwise work on goods or materials that have been moved in or produced for commerce. Plaintiff instead relies on labels and conclusions and the mistaken premise that Congress's finding that an activity affects commerce is equivalent to the determination of individual coverage in

all instances of domestic service employment regardless of the circumstances surrounding the particular employment.

Furthermore, in *Nardelli v. Lamparski*, the only case Plaintiff cites to support his contention that merely asserting enterprise coverage was sufficient to meet his federal pleading obligations, the plaintiffs alleged much more detail in their complaint. There, the Court found that the plaintiff's specifically alleged that they "used various materials and equipment manufactured *out of state and transported across state lines to Pennsylvania to be used by Defendants*, including but not limited to Invisalign aligner trays, Acceledent devices, Epic X diode lasers, iTero digital impression scanners, and Digital Indirect Bonding System (DIBS) in the performance of their job duties[.]" No. 2:20-CV-01723-CRE, 2021 U.S. Dist. LEXIS 241012, at *10 (W.D. Pa. Dec. 17, 2021) (emphasis added). The Court relied on that allegation in denying the defendants' motion to dismiss. *See id.* As Plaintiff effectively admits in his response, he made no equivalent allegation in this case and instead relied on a conclusory assertion of enterprise coverage.

It should also be noted that Plaintiff himself makes a misrepresentation in asserting that Defendants "misrepresent[ed] certain allegations . . . referencing employees working in Pennsylvania and Defendants' action in Pennsylvania.". (Response, p. 14). Defendants accurately quoted Plaintiff's own allegations—that Plaintiff does not like the implications of these allegations does not mean that pointing this out is dishonest or improper. (*Compare* ECF No. 1, ¶¶ 4, 6-7 with ECF No. 18, p. 13). Certainly the Complaint contains no basis to support Plaintiff's assertion that

the allegations expressly tying Defendants' actions to Pennsylvania and nowhere else were solely "meant to limit this action to Pennsylvania employees and allow the Department's other action in the Southern District of Ohio to recover for Ohio employees." (ECF No. 23, p. 14). Plaintiff's Complaint cannot survive a motion to dismiss based on what he "meant" but did not allege.

## II. Plaintiff's Complaint Does Not Plausibly Allege that the Direct Care Workers at Issue Are Defendants' "Employees" Under the FLSA.

The Complaint is virtually silent about the six factors that Plaintiff points the Court to as informing the "economic realities test" for employment under the FLSA. Aside from a conclusory allegation that Mr. Adhikari supervised and retained the right to hire and fire workers, the Complaint says nothing about "the degree of the alleged employer's right to control the manner in which the work is to be performed." *Donovan v. DialAmerica Marketing, Inc.*, 757 F.2d 1376 (3d Cir. 1985). It does not discuss the alleged employees' "investment"—or not—"in equipment or materials required for [their] tasks, or [their] employment of helpers." *Id.* It is silent about whether the work at issue "required a special skill"; and it says nothing about "the degree of permanence of the working relationship[s]." *Id.*

According to Plaintiff, this is no problem because all a complaint must do is include the magic words that "defendants ***supervise*** the employees." Resp. at 8. *Iqbal* and *Twombly* say otherwise: the Complaint must "show" "that the pleader is entitled to relief" with more than "mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 679-80 (2009).

Defendants are not arguing that a detailed factual account like that needed at summary judgment is required. Our point is that *Iqbal* and *Twombly* require Plaintiff to plead *some actual facts* about the relevant context—information about the working relationships and business operations of Defendants rather than labels and conclusions—that if true would establish an employment relationship between Defendants and the 800+ workers listed in "Schedule A."

Here, the only factual development is about how payment was arranged—but that is not enough, as Defendants' business is arranging and processing Medicare reimbursement for home care workers. *Iqbal*, 556 U.S. at 678 (A complaint that "pleads facts that are merely consistent with a defendant's liability . . . stops short of the line between possibility and plausibility of entitlement to relief." (cleaned up)). What the Complaint leaves entirely unexplained is the crucial issue of supervision. All it offers is a single sentence alleging that Mr. Adhikari "directed employment practices" and "supervis[ed] employees." Compl. ¶ 4. This kind of "naked assertion devoid of further factual enhancement" cannot suffice. *Iqbal*, 556 U.S. at 678 (cleaned up). "[T]he Federal Rules do not require courts to credit a complaint's conclusory statements without reference to its factual context." *Id.* at 686.

Plaintiff cites no controlling precedent that excuses the government of meeting this burden in the FLSA context. And unpublished opinions by district courts or federal magistrate judges cannot overrule the Supreme Court. Unlike many of the non-binding cases Plaintiff cites, moreover, there are no factual allegations here that either Defendant "[c]ontrolled all aspects of plaintiffs' work and job activities" or "was

involved in . . . day-to-day supervision" of the alleged employees. *Ojeda v. Louis Berger Grp. (Domestic), Inc.*, No. CV1817233KMJBC, 2021 WL 941875, at *4, *7 (D.N.J. Mar. 11, 2021); *Davis v. Abington Memorial Hospital*, No. CIV.A. 09-5520, 2012 WL 3206030, at *4 (E.D. Pa. Aug. 7, 2012), *aff'd*, 765 F.3d 236 (3d Cir. 2014). Certainly Plaintiff did not "attach contracts showing that these defendants were in fact responsible for doing so." *Ojeda*, 2021 WL 941875, at *7; *see also DiFlavis v. Choice Hotels Int'l, Inc.*, No. CV 18-3914, 2019 WL 1505860, at *6 (E.D. Pa. Apr. 5, 2019) (noting allegations that "a franchise agreement" gave defendant "extensive control over the terms and conditions of [plaintiff's] employment" and that defendant would "performed periodic visits to check compliance with its Rules and Regulations" and provided training).

### III. Plaintiff's Claim that His Complaint Sufficiently Pleads Willful FLSA Violations Misapprehends Defendants' Argument and the Law.

Plaintiff supports his claim that the Complaint sufficiently pleads willful FLSA violations by asserting that "Defendants have not moved to dismiss the Complaint's allegations that they violated the FLSA by failing to pay overtime premium pay for hours worked over 40 in a workweek[.]" (ECF No. 23, p. 14). According to Plaintiff, Defendants "only move[d] to dismiss the allegation that [the overtime] violations were willful." (*Id.*, pp. 14-15).

Not so. The first reason Defendants' argued for dismissal was that "the Complaint's bare-bones allegations do not state a claim for violations of the FLSA's overtime requirements." (ECF No. 18, p. 8). Defendants explained how Plaintiff's Complaint contained no well-pled allegations of employment or FLSA coverage to support

a claim for FLSA overtime violations. (*See id.*, pp. 8-13). It is thus not true that Defendants have only moved to dismiss the allegation that the overtime violations were willful—they are seeking dismissal of all of Plaintiff's claims.

Plaintiff also misapprehends the law regarding what he was required to allege to establish a plausible willful violation of the FLSA. To state such a claim, a complaint must include factual allegations that, if supported by evidence, would tend to show the "employer's awareness of a violation of the FLSA overtime mandate." *Souryavong v. Lackawanna Cty.*, 872 F.3d 122, 127 (3d Cir. 2017). General awareness of an "overtime problem" is not enough. *Id.* The employer must have "an awareness of an FLSA overtime problem specifically" to establish a willful FLSA violation. *Id.* Here, Plaintiff failed to allege specific facts from which it can be plausibly determined that Defendants had at least "*some awareness*" that their conduct violated the FLSA.

Accordingly, even if the Court declines to dismiss the claims outright, any remaining claims should be narrowed to non-willful violations.

**IV.   Plaintiff's Claim that His Complaint Sufficiently Pleads FLSA Recordkeeping Violations is Also Based on a Misapprehension of the Arguments Defendants Raised in Their Motion to Dismiss**.

In arguing that his Complaint sufficiently pleads FLSA recordkeeping violations, Plaintiff again asserts that "Defendants have conceded that the Secretary sufficiently alleged an overtime violation." (ECF No. 23, p. 19). Plaintiff further asserts that "Defendants only argue that their alleged pay practices do not constitute a willful violation and did not move on the actual underlying violation itself." (*Id.*, p. 23).

These assertions are not true. As explained in the previous section, Defendants moved to dismiss the Complaint because it failed to state a claim for violations of the

14

FLSA's overtime requirements. (*See* ECF No. 18, pp. 8-13). Since Plaintiff's recordkeeping violation claim relies entirely on an implausible claim for FLSA overtime violations, the recordkeeping claim should also be dismissed. (*See id.*, p. 14). Any other result would be incoherent—how can a person be held to the FLSA's recordkeeping requirements if he is not subject to the FLSA or is not an employer within the meaning of the statute?

V. **Plaintiff's Claim for Alleged FLSA Violations that Occurred Before October 15, 2018 Should be Dismissed with Prejudice Because Plaintiff Acknowledged that His Claim for Those Alleged Violations is Barred by the Statute of Limitations**.

Defendants moved to dismiss Plaintiff's claim for alleged FLSA violations that would have accrued more than three years before the Complaint was filed because those claims are barred by the statute of limitations, which is limited to three years for even willful FLSA violations. (ECF No. 18, pp. 18-19)

In his response, Plaintiff "acknowledge[d]" that "he cannot recover back wages and liquidated damages for unpaid overtime prior to October 15, 2018 (*i.e.*, three years prior to the filing of the Complaint)." (ECF No. 23, p. 3)

Courts routinely dismiss with prejudice claims where the asserting party concedes that they are barred by the statute of limitations. *Catala v. Martine*, No. 3:15-CV-00772, 2015 U.S. Dist. LEXIS 162036, at *15-16 (M.D. Pa. Dec. 3, 2015); *Boyer v. City of Phila.*, No. 13-6495, 2015 U.S. Dist. LEXIS 169208, at *23 (E.D. Pa. Dec. 17, 2015); *Urrutia v. Quill*, No. 1:05-CV-0259, 2005 U.S. Dist. LEXIS 45024, at *13 (M.D. Pa. Oct. 17, 2005). Accordingly, Plaintiff's claim to recover damages and other relief

for alleged FLSA violations that would have accrued prior to October 15, 2018, should be dismissed with prejudice.

### VI. Plaintiff's Claim for Relief for Violations of the FLSA's Minimum Wage Requirement Should be Dismissed Because He Conceded There are No Such Violations.

Defendants moved to dismiss Plaintiff's request to hold them liable for minimum wage violations because Plaintiff did not allege that Defendants failed to comply with the FLSA's minimum wage requirements, despite his extensive investigation of Defendants. (ECF No. 18, p. 20)

In his response, Plaintiff conceded that he is *not* "alleging a violation of the minimum wage provisions of the FLSA or seeking any unpaid minimum wage compensation." (ECF No. 23, p. 5 n. 1)

Courts dismiss claims where they are not supported by any factual allegations. *Rovetto v. Dublirer*, Civil Action No. 20-cv-2497 (JMV) (MF), 2020 U.S. Dist. LEXIS 223573, at *13 (D.N.J. Nov. 30, 2020) (dismissing minimum wage claim where there was no allegation that the plaintiff did not receive minimum wage for the hours worked); *Brewer v. Specialized Prof'l Servs.*, No. 2:20-CV-00368-CRE, 2020 U.S. Dist. LEXIS 63428, at *7 (W.D. Pa. Apr. 6, 2020), *report and recommendation adopted*, 2020 U.S. Dist. LEXIS 84149, at *1-2 (W.D. Pa. May 13, 2020) (dismissing with prejudice FLSA claim where there were no allegations to support the minimum wage claim). Accordingly, Plaintiff's request for relief based on violations of the FLSA's minimum wage requirements should be dismissed.

## VII. Plaintiff Cannot Plausibly State a Claim for Relief Based on Undetermined FLSA Violations.

Plaintiff argues that his open-ended request for relief stemming from yet-to-be discovered FLSA violations is proper because he may recover damages for continuing violations of the FLSA. (ECF No. 23, p. 20)

This argument misses the mark. Defendants are not necessarily disputing that Plaintiff may be entitled to relief for FLSA violations that have not yet accrued or been discovered. Defendants are, however, disputing that Plaintiff's open-ended claim for relief based on undetermined FLSA violations relating to unidentified workers meets federal pleading requirements. Plaintiff's claim for additional damages that "may be owed to certain . . . employees presently unknown to the Secretary" is a prototypical type of "naked assertion" prohibited by *Iqbal*. (ECF No. 1 (prayer for relief)).

If the Labor Department wants to seek relief for additional FLSA violations that it identifies after it filed the complaint, then it should be required to move to amend its pleading pursuant to Rule 15 or 16, whichever is applicable at the time the amendment is sought, like every other litigant in federal court. *See Bullock v. Ancora Psychiatric Hosp.*, No. 10-1412 (RBK/AMD), 2011 U.S. Dist. LEXIS 92307, at *2 n.1 (D.N.J. Aug. 18, 2011) ("If Plaintiff has discovered new facts that support his claim, he must move to amend the . . . [c]omplaint.").

Having to follow the rules of procedure is hardly "the antithesis of judicial inefficiency," as Plaintiff suggests. (ECF No. 23, p. 20). Plaintiff is bringing an action on a virtually untested legal theory that, if successful, would likely destroy Defendants' business and ruin Mr. Adhikari's livelihood. "If men must

turn square corners when they deal with the government, it cannot be too much to expect the government to turn square corners when it deals with them." *Niz-Chavez v. Garland*, 141 S. Ct. 1474, 1486 (2021). Plaintiff's allegations about the mere possibility of "continuing violation" liability for as-yet-undiscovered wrongdoing is—as he all but concedes—not properly pled. It should therefore be dismissed.

### VIII. Plaintiff Has Forfeited Any Argument that Mr. Adhikari is Not a Joint Employer.

Plaintiff does not respond separately to Defendants' argument that the Complaint has not plausibly alleged that Mr. Adhikari is a joint employer. Some of this is covered by Plaintiff's arguments about employment generally. To the extent that it is not, however, Plaintiff's arguments on this point should be deemed forfeited. *Griglak v. CTX Mortg. Co., LLC*, No. 09-5247 (MLC), 2010 U.S. Dist. LEXIS 34941, at *7 (D.N.J. Apr. 8, 2010).

### CONCLUSION

For these reasons, the government's complaint should be dismissed in its entirety. All claims that accrued prior to October 15, 2018, moreover, should be dismissed with prejudice as untimely.

Dated: March 25, 2022

Respectfully submitted,

/s/ Bruce C. Fox
Bruce C. Fox (PA 42576)
Andrew J. Horowitz (PA 311949)
George C. Thompson (PA 316626)
OBERMAYER REBMANN
MAXWELL & HIPPEL LLP
525 William Penn Place, Suite 1710
Pittsburgh, PA 15219

bruce.fox@obermayer.com  
andrew.horowitz@obermayer.com  
george.thompson@obermayer.com  

*Counsel for Defendants*

4865-4948-5848 v2