IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SECRETARY OF LABOR JULIE A. SU, UNITED STATES DEPARTMENT OF LABOR,** | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | 2:21cv1391 |
| | ) | **Electronic Filing** |
| **INTRA-NATIONAL HOME CARE, LLC,** | ) ) | |
| and | ) ) | |
| **DILLI ADHIKARI,** | ) ) | |
| Defendants. | ) ) | |

## <u>MEMORANDUM ORDER</u>

AND NOW, this 1ˢᵗ day of September, 2023, upon due consideration of the Secretary's motion to dismiss defendants' counterclaim and the parties' submissions in conjunction therewith, IT IS ORDERED that [47] the motion be, and the same hereby is, granted.  The counterclaim set forth in [36] defendants' Answer, Affirmative Defenses and Counterclaim is dismissed.

Defendants' efforts to maintain their counterclaim pursuant to the Administrative Procedures Act, 5 U.S.C. § 701, *et seq.* ("ADA"), fall short for two basic reasons.  First, notwithstanding their Herculean efforts, defendants fail to present anything more than a facial attack on the 2015 Home Care Rule.  They have not identified any fact that precluded or inhibited their ability to pursue their challenge when the Rule was promulgated.  And as defendants are forced to concede, Judge Hardy has ruled that their facial attack is barred by the statute of limitations.  See Intra-National Home Care, LLC v. United States Dep. of Labor, 2022 WL 2829828, *6 (W.D. Pa. July 20, 2022) ("Plaintiffs' pre-enforcement facial challenges to 29

C.F.R. § 552.109 were filed after the six-year limitations period in 28 U.S.C. § 2401 had expired and are therefore time-barred.").  Judge Hardy's reasoning in reaching this decision applies with equal force to defendants' efforts to present such a claim here.

Second, defendants fail to appreciate the difference between the existence of "final agency action" as it relates to their facial challenge presented for Judge Hardy's consideration and the lack of its existence here.  As Judge Hardy aptly observed, final agency action occurred as to defendants' facial challenge when the Rule was first published on October 1, 2013.  In contrast, there is long-standing and well-settled authority recognizing that where, as here, the Secretary has initiated an enforcement action pursuant to the FLSA that arises out of an investigation as to whether the defendant's employees are within the scope of an exemption, the proper vehicle for reviewing the propriety of the Secretary's determination that the exemption does not apply is through an affirmative defense in the enforcement action; final agency action is lacking under the APA in such circumstances and the United States enjoys sovereign immunity from any other attempt to invoke subject-matter jurisdiction.  See Wohl Shoe Co. v. Wirtz, 246 F. Supp. 821, 822 (E.D. Mo. 1965) ("Whether [the Secretary's] determination of the question of whether the [employer] is entitled to exemption claimed under 29 U.S.C.A. § 213(a)(2)(iv) is right or wrong is to be determined in the [enforcement] action brought by the Secretary and not in this type of action" and therefore the proceedings for declaratory relief are dismissed.); Tejidos Konfort, Inc. v. McAuliffe, 290 F. Supp. 748, 751 (D. P.R. 1968) ("Questions of exemption arising under the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 201, *et seq.*), are determinable in actions brought by the Secretary of Labor and not in actions brought under the Declaratory Judgment Act codified as 28 U.S.C. § 2201."); Reich v. Westerner Products, Inc., 877 F. Supp. 493, 495 (D. Az. 1994) (the FLSA does not confer jurisdiction over pre-enforcement activities of the DOL and therefore an employer must await an enforcement

2

action by the Secretary to challenge initial determinations made in DOL investigation; whether the Secretary has made the correct decision will be determined in part "by the defenses raised by the employer in response to the Secretary's suit") (quoting Usery v. Brandel, 1981 WL 2305, *1 (April 8, 1981 (W.D. Mich., April 8, 1981) (the FLSA grants either the Secretary or the employee the ability to pursue redress for a violation of the Act; the FLSA does not give an employer the right to obtain a declaratory judgment relating to provisions of the Act)); Walsh v. Peters, et al., 2021 WL 1662467, *7 (D. Md., April 28, 2021) (jurisdiction for counterclaim pursuant to the APA or other statutory authority is lacking where the Secretary renders pre-enforcement actions interlocutory by commencing an enforcement proceeding and the record indicates the defendant will have ample opportunity to raise any exemption defense in the enforcement proceeding); cf. American Financial Benefits Center, et al., 2018 WL 3203391, *9 (N.D. Cal., May 29, 2018) ("The proper forum to adjudicate whether the Companies' practices are subject to and in compliance with the [Telemarketing Sales Rule] is in the enforcement proceeding [brought by the Federal Trade Commission]."); Solar Turbines, Inc. v. Seif, 879 F.2d 1073, 1081 (3d Cir. 1989) (pre-enforcement review of agency action was not warranted "even though the wording of the administrative order [was] in the imperative and direct[ed] immediate compliance . . . and even though the accompanying letter seem[ed] to threaten civil and criminal liability upon noncompliance.").

Here, the Secretary's filing of this enforcement action has rendered the DOL's pre-enforcement actions interlocutory and thus placed them beyond the scope of judicial review pursuant to the APA.  The Secretary properly has invoked the bar of sovereign immunity as to such avenues for independent review of those activities.  Consequently, final agency action is lacking here and the Secretary's motion to dismiss defendants' counterclaim has been granted.

Defendants' multiple protestations to the contrary fall short of the mark.  There is no basis for applying equitable estoppel.  The government's statement that defendants' were free to raise their affirmative defense in this enforcement action if they wanted to hardly provides a basis to conclude that such a position was "irreconcilably inconsistent" with its current position.  To the contrary, the position appears to have been unremarkably consistent.  Compare November 18, 2021, Transcript of Oral Argument in Intra-National, 20cv1545 (Doc. No. 59-1 in 21cv1391) at 13 ("To the extent that plaintiffs would like to raise the validity of the regulation as a defense to an enforced regulation, they are free to raise that in the ongoing [enforcement] of [the] regulations.") with Reply Brief (Doc. 63) at 7 ("The Department's position has consistently been that Defendants may challenge the applicable regulation in an enforcement proceeding through an affirmative defense, but any standalone facial challenge, including any counterclaim, is untimely.").  Of course, such a position is entirely consistent with the proposition that a counterclaim predicated on the APA is precluded by the lack of final agency action in the enforcement action and in turn the existence of sovereign immunity.  And we agree with this position.

Furthermore, defendants' efforts to invoke the equitable doctrine of laches is unavailing.  Judge Hardy rejected the contention that the circumstances presented by defendants permit them to invoke the doctrine and his reasoning again applies with equal force here.  See Intra-National Home Care, 2022 WL 2829828 at 5 & n. 6 ("the Court finds nothing in Abbott Laboratories [v. Gardner, 387 U.S. 136 (1967)] that would nullify controlling authority that applies the six-year statute of limitations of 28 U.S.C. § 2401 to facial challenges to an agency regulation pursuant to the APA.") (citations omitted).  And as the Secretary has observed, even if the doctrine were to be available, defendants have failed to identify any reason that would excuse their inordinate delay in advancing their "as applied" attack on the legality and facial content of the regulation

here.  Compare Intra-National Home Care, 2022 WL 2829828 at at *5 n.6 ("Regardless, even if laches could be deployed affirmatively as Plaintiffs attempt to do here, they have not demonstrated that their delay in commencing these actions was excusable and that such delay did not prejudice the DOL.").  Of course, the mere existence and enforcement of the regulation does not provide equitable grounds for the application of laches.

Defendants' efforts to advance a facial attack on the validity of the regulations underlying this enforcement action are untimely.  Defendants' efforts to advance an "as applied" challenge are barred by the lack of final agency action and the invocation of sovereign immunity.  Consequently, the Secretary's motion to dismiss counterclaim has been granted.[1]

s/David Stewart Cercone
David Stewart Cercone
Senior United States District Judge

cc:     Andrea Christensen Luby, Esquire
        Ethan Dennis, Esquire
        Matthew Helman, Esquire
        Zach A. Avallone, Esquire
        Bruce C. Fox, Esquire
        Andrew J. Horowitz, Esquire
        George C. Thompson, Esquire
        Hugh McKeegan, Esquire

        (Via CM/ECF Electronic Mail)

---

[1]  Nevertheless, defendants retain the ability to pursue an affirmative defense in this enforcement action based on the exemption(s) in question and it appears at this juncture that doing so will provide defendants with adequate due process.