IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **SECRETARY OF LABOR JULIE A. SU,** *UNITED STATES DEPARTMENT OF LABOR*, | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )   2:21cv1391<br>)   **Electronic Filing** |
| **INTRA-NATIONAL HOME CARE, LLC,** and **DILLI ADHIKARI,** | )<br>)<br>) |
| Defendants. | ) |

## MEMORANDUM ORDER

AND NOW, this 1st day of September, 2023, upon consideration of defendants' motion for leave to file First Amended Answer, Affirmative Defenses and Counterclaim and the parties' submissions in conjunction therewith, IT IS ORDERED that [71] the motion be, and the same hereby is, granted in part and denied in part. The motion is granted to the extent it seeks to modify the Tenth Affirmative Defense and add the Eleventh and Twelfth Affirmative Defenses. The motion is denied in all other aspects.

Affirmative defenses are not subject to the pleading demands governing claims for relief under Rule 8(a). Instead, they sufficiently are raised by affirmatively stating the defense. See Rule 8(c); Tyco Fire Products LP v. Victaulic Co., 777 F. Supp.2d 893, 900 (E.D. Pa. 2011) ("An affirmative defense need not be plausible to survive; it must merely provide fair notice of the issue involved."). "Providing knowledge that the issue exists, not precisely how the issue is implicated under the facts of a given case, is the purpose of requiring averments of affirmative defenses." Id. at 901 (citing N.H. Ins. Co. v. Marinemax of Ohio, Inc., 408 F. Supp.2d 526, 529 (N.D. Ohio 2006)). Here, defendants' proposed modification and two additional affirmative defenses meet these standards.

The Secretary's efforts to preclude the amendments to defendants' affirmative defenses as "futile" are premature. While she mounts forceful arguments as to why the defenses are misplaced in the current litigation landscape, it cannot be said that defendant's Eleventh Affirmative Defense is predicated on a complete lack of legal support or is otherwise irrelevant as a matter of law. Indeed, the case most central to the Secretary's position was an *en banc* opinion by the United States Court of Appeals for the Sixth Circuit that affirmed the lower court's decision that the rule of lenity did not apply to the legislative rulemaking in question. It did so by an equally divided court. See Gun Owners of America, Inc. v. Garland, *et al*., 19 F.4th 890 (6th Cir. 2021) (*en banc*). And Judge Murphy's "dissent" advocated a proposed disposition that incorporated the rule of lenity as one of many bases to curb the reach of Chevron. Id. at 922-23 (permitting Chevron deference in the context of a statute carrying criminal implications would displace the rule of lenity and "require us to presume that Congress meant to give the Attorney General the power to expand the scope of an ambiguous criminal law by adopting the 'harsher alternative' without the 'clear and definite' statement that we usually expect."). The Fifth Circuit's opinion in Gargill v. Garland, et al., straightforwardly relied on the rule. 57 F.4th 447, 451 (5th Cir. 2023) ("The rule of lenity therefore compels us to construe the statute in Cargill's favor.").

When challenged pursuant to a motion to amend, affirmative defenses must be capable of surviving a motion to strike under Federal Rule of Civil Procedure 12(f). Courts in this jurisdiction have held that "[a]ffirmative defenses have been found insufficient and therefore have failed to survive a motion to strike 'only where the defense could not possibly prevent recovery under any pleaded or inferable set of facts.'" Bello v. United Pan Am Financial Corp., 2022 WL 17324441 (D. N.J. Nov. 29, 2022) (quoting Santander Bank, N.A. v. Friedman, Schuman, Appelbaum, Nemeroff & McCaffery, P.C., Civ. No. 14–413, 2014 WL 1621792, at *2

2

(D.N.J. April 17, 2014) (quoting Newborn Bros. Co. v. Albion Eng'g Co., 299 F.R.D. 90, 93 (D. N.J. 2014)).  In this setting, an amendment to add an affirmative defense is futile if the proposed affirmative defense "is not recognized as a defense to the cause of action," Newborn Bros. Co., 299 F.R.D. at 93 (quoting FTC v. Hope Now Modifications, LLC, Civ. No. 09-1204, 2011 WL 883202, at *7 (D.N.J. Mar. 10, 2011) (quotations omitted)), or if the proposed affirmative defense "could not possibly prevent recovery under any pleaded or inferable set of facts." Bello, 2022 WL 17324441 at *7 (quoting Santander Bank, 2014 WL 1621792, at *2).

     Here, there is at least some support for defendants' proposed use of the precedent underlying the Eleventh Affirmative Defense and the area of law "arguably" is in a state of flux. Further, what becomes clear from a review of that precedent is this: what the Secretary actually seeks to have this court do is to adjudicate the defense as inapplicable on the merits.  And while engaging in that analysis may appear on the surface to be the equivalent of declaring that the defense is not a cognizable defense to the Secretary's claims and/or the defense cannot not possibly prevent recovery under any pleaded or inferable set of facts, the court is satisfied that the adjudication requested by the Secretary is distinct and separate from assessing the outer limits of raising an affirmative defense.  Accordingly, we decline to do so at this juncture on the mere face of the pleadings.

     The Secretary's efforts to eliminate defendants' Twelfth Affirmative Defense fall short as well.  While it may be that the Secretary can show the Handbook does not have the force of a binding regulation and/or defendants are unable to show substantial prejudice by any alleged failure to hold a final conference, such assessments require a properly developed record and a setting that makes such issues ripe for adjudication.  These determinations therefore must await further development of the record and a setting where they are more than advisory opinions.

Furthermore, procedures governing subsequent proceedings in the case can be crafted to avoid unnecessary delay in adjudicating any of the affirmative defenses that remain at issue after liability has been resolved. Thus, this repercussion from granting defendants' motion is not a sound basis for denying the relief requested.[1]

The balance of the amendments sought by defendants have been rendered moot by the court's disposition of the Secretary's motion to dismiss defendants' counterclaim. Consequently, defendants' motion to amend as to these areas is denied.

                                                            s/David Stewart Cercone
                                                            David Stewart Cercone
                                                            Senior United States District Judge

cc:      Andrea Christensen Luby, Esquire
          Ethan Dennis, Esquire
          Matthew Helman, Esquire
          Zach A. Avallone, Esquire
          Bruce C. Fox, Esquire
          Andrew J. Horowitz, Esquire
          George C. Thompson, Esquire
          Hugh McKeegan, Esquire

          (*Via CM/ECF Electronic Mail*)

---

[1] While the Secretary has only implicitly raised this basis in response to this specific motion, she repeatedly has raised the concern of moving toward a timely resolution throughout the course of this litigation.